UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON A MORGAN,

                Petitioner,

v.                                                                                   Case No. 24-cv-0933-bhl

CHRIS BUESGEN,

                Respondent.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

      Brandon A. Morgan, who is currently incarcerated at the Stanley Correctional Institution and representing himself, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Morgan acknowledges that he has not exhausted his claims in the state courts and has therefore also moved for an order excusing his failure to exhaust. (*Id.* at 7–10; ECF No. 14.) Respondent has filed his own motion to dismiss for failure to exhaust. (ECF No. 15.) Because Morgan is still litigating his federal claims in the Wisconsin Court of Appeals and has not shown that Wisconsin's corrective process is ineffective within the meaning of 28 U.S.C. § 2254(b)(1)(B), Respondent's motion will be granted and Morgan's request for an order excusing his failure to exhaust will be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

      In 2020, the State charged Morgan with multiple felonies in Waukesha County Case Nos. 2020CF1234 and 2020CF1309, including attempting to flee or elude an officer, attempted burglary, and felony bail jumping. (ECF Nos. 16-1 & 16-2.) Pursuant to a global plea agreement, Morgan pleaded no contest in February 2022 to two burglary charges and one bail jumping charge, and the State dismissed the remaining charges in both cases. (ECF No. 16-6 at 2.) The circuit court imposed a sentence of five-and-one-half years of initial confinement and eight years of extended supervision. (*Id.*) Morgan appealed from the judgments of conviction and an order denying postconviction relief, contending that the circuit court erred in denying his motion for a sentence modification. (*Id.* at 1.) On March 27, 2024, the Wisconsin Court of Appeals summarily

affirmed the order and judgments. (*Id.* at 1, 5.) Morgan did not seek review by the Wisconsin Supreme Court. (ECF No. 1 at 3.)

On April 2, 2024, Morgan, proceeding *pro se*, filed a collateral challenge to his convictions in both Waukesha County cases, pursuant to Wis. Stat. § 974.06. (ECF No. 16-7.) With his collateral attack having been pending for less than three months, on June 24, 2024, Morgan filed a petition for a supervisory writ in the Wisconsin Court of Appeals, complaining that the circuit court had yet to decide his motion and asking the appellate court to take jurisdiction and grant the motion. (ECF No. 4-2 at 8–16; ECF No. 16-8.) The appellate court denied the petition because Morgan had "not established a plain legal duty for the circuit court to decide the Wis. Stat. § 974.06 motion within a certain period of time" and because the court "anticipate[d] that the circuit court will review and decide the April 2, 2024 postconviction motion in the near future." (ECF No. 2-1 at 8–9.) On July 12, 2024, the circuit court filed a written order denying Morgan's April 2, 2024 motion and giving reasons for its decision. (ECF No. 16-9.) The order included a statement that the circuit court judge "reviewed" Morgan's motion on April 9, 2024. (*Id.*)

On July 9, 2024, Morgan filed a notice of appeal in Case Nos. 2020CF1234 and 2020CF1309 challenging the circuit court's order denying his Wis. Stat. § 974.06 motion.[1] (ECF No. 4-2 at 7; ECF No. 16-3 at 18.) At present, Morgan's consolidated appeals are pending before the Wisconsin Court of Appeals, Case Nos. 2024AP1405 & 2024AP1406. The Court has reviewed Wisconsin's Consolidated Court Automation Programs (CCAP), Wisconsin's case management system that provides public access online to reports of activity in Wisconsin circuit and appellate courts, indicating that both of Morgan's Waukesha County cases are currently on appeal. *State of Wisconsin v. Brandon A. Morgan*, Case Nos. 2020CF1234 and 2020CF1309, https://wcca.wicourts.gov/ (last visited 2/12/25).

On July 23, 2024, Morgan filed a petition for writ of habeas corpus with this Court. (ECF No. 1.) Morgan alleges that his convictions and sentence are unconstitutional and that he was denied his constitutional right to the effective assistance of both appellate and trial counsel. (*Id.* at 6–10.) Morgan acknowledges that he has not exhausted these claims, (*id.* at 7–10), but argues that his failure to exhaust should be excused because the state's "corrective process is so clearly

---

[1] Morgan contends that before the July 12, 2024 order issued, he discovered a notation in the court's docket indicating that the judge had reviewed the motion "on April 9, 2024." (ECF No. 2 at 2.) In his notice of appeal, Morgan declared that he was appealing from the circuit court's order denying his Wis. Stat. § 974.06 motion "entered on 04-09-24." (ECF No. 4-2 at 7.)

deficient as to render futile any effort to obtain relief." (ECF No. 2 at 2 (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3–4 (1981) (West Headnotes)).) On November 4, 2024, Morgan filed a motion for an order excusing his failure to exhaust state court remedies. (ECF No. 14.)

## ANALYSIS

Morgan's habeas petition must be dismissed because his claims are unexhausted, and he has not shown that Wisconsin's corrective process has been ineffective to protect his rights. A district court typically may not provide habeas relief unless the petitioner has exhausted his available remedies in state courts and any petition containing unexhausted claims must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 518–20 (1982); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in courts of the State"). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C § 2254(c). Exhausting occurs when the petitioner has fairly presented his claims to the state courts by arguing both the federal legal principles and the operative facts of the claims, thereby giving the state courts a "meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Chambers v. McCaughtry*, 264 F.3d 732, 737–38 (7th Cir. 2001) (collecting cases). Exhausting all state remedies includes presenting each claim on appeal to the Wisconsin Court of Appeals and in a petition to the Wisconsin Supreme Court for discretionary review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (holding that the rule applies for purposes of habeas corpus under Section 2254). When a petition is filed prior to exhausting the available state remedies, dismissal is the typical response in the interest of comity and judicial efficiency; however, the court may deny a habeas petition on the merits where an applicant does not raise even a colorable federal claim. 28 U.S.C. § 2254(b)(2); *see also Granberry v. Greer*, 481 U.S. 129, 134–35 (1987). Because Morgan's appeal is pending before the Wisconsin courts, he has not yet exhausted his state court remedies, and this Court cannot grant him relief. Where a petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (citing *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000)).

Morgan attempts to evade this result by invoking an exception to the exhaustion rule that applies where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Neither circumstance is present here and Morgan's arguments invoking them are meritless.

Morgan concedes that Wisconsin's corrective process includes the right to a direct appeal and the ability to collaterally attack one's conviction. He nevertheless argues that the Wisconsin process has been ineffective to protect his rights. (ECF No. 1 at 7–10; ECF No. 2 at 2–3; ECF No. 14; ECF 17 at 2.) Morgan first contends that the state circuit court's review of his postconviction motion "was not effective" because it was "arbitrary, evasive, and legally unsupported." (ECF No. 17 at 2.) But Morgan's disagreement with the resolution of his claims in state court does not render the process ineffective. Indeed, the fact that Morgan was allowed to present and resolve his claims in both the circuit court and the Wisconsin Court of Appeals demonstrates that Morgan is receiving corrective process. Morgan next argues that there is a "jurisdictional defect" that will be "likely fatal to [his] state appeal." (*Id.* at 3.) This conclusory assertion is unhelpful and nonsensical. The record confirms that the Wisconsin Court of Appeals has in fact accepted Morgan's appeal and it is pending. Morgan next mischaracterizes the state court rulings. He argues that his state court appeal is "dead-on-arrival through no fault of his own" due to the circuit court's "failure to properly issue an order in compliance with the procedural rules for [the court of] appeals." (*Id.* at 5–6.) To the extent the Court is able to follow Morgan's argument, he appears to take issue with a statement in the Wisconsin Court of Appeals' decision denying his supervisory writ, when it concluded that "Morgan has not established a plain legal duty for the circuit court to decide the Wis. Stat. § 974.06 motion within a certain period of time." (ECF No. 2-1 at 8; ECF No. 17 at 3.) As noted by Respondent, to the extent the appellate court's decision held that the circuit court did not have a duty to timely decide Morgan's motion, that "would appear to be incorrect," (ECF No. 16 at 9), given that Wisconsin's appellate rules provide that a postconviction motion not decided within 60 days "is considered to be denied and the clerk of circuit court shall immediately enter an order denying the motion." Wis. Stat. § 809.30(2)(i). Even if unartfully worded, the Court of Appeals' statement is of no consequence; the circuit court has in fact decided Morgan's motion and provided reasons for its decision. (ECF No. 16-9.) And as previously noted, Morgan is presently appealing the circuit court's denial of his motion.

Finally, Morgan claims that Wisconsin's corrective process won't provide him with timely relief. (ECF No. 17 at 6–9.) State court delays may warrant an exception to the exhaustion requirement when those delays are "inordinate" and "unjustifiable." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). Morgan does not argue that there have been "inordinate" and "unjustifiable" delays attributable to the State in the present proceedings pending in state court under Wis. Stat. § 974.06. And, to the extent Morgan relies on *Carter v. Buesgen*, 10 F.4th 715 (7th Cir. 2021), his case is nothing like *Carter*. In *Carter*, after being forced by appointed counsel and the state court to wait four years to challenge his prison sentence, the defendant turned to the federal district court and filed a petition for writ of habeas corpus, acknowledging he had not exhausted state court remedies. *Id.* at 718–19. After the district court dismissed Carter's petition without prejudice for failure to exhaust, the Seventh Circuit reversed, concluding that Carter's state court remedies were ineffective to protect his rights and thus he was excused from the exhaustion requirement. *Id.* at 723–24. The Court of Appeals explained that Carter's experience showed a "systemic deficiency" in the Wisconsin court's handling of his case and that "not once ha[d] the Wisconsin Court of Appeals—or any other Wisconsin court for that matter—recognized that Carter's case ha[d] been stalled for over four years." *Id.* at 719, 723. Morgan's postconviction experience is far from the circumstances outlined in *Carter*. Unlike the petitioner in *Carter*, Morgan was able to litigate a post-conviction motion and a direct appeal through resolution in the state courts and is currently litigating another postconviction motion. Morgan is actively litigating his Section 974.06 claims in the Wisconsin Court of Appeals and there is no indication that Morgan's case "is at a standstill before the Wisconsin [] court" with "no sign of going anywhere anytime soon," as was Carter's case. *Id.* at 722. Morgan has not been held in perpetual limbo, like the petitioner in *Carter*, with systemic deficiencies preventing his state court case from moving at all. Therefore, Morgan has not shown that Wisconsin's appellate process is ineffective to protect his rights. Accordingly, Morgan's petition for writ of habeas corpus will be dismissed for failure to exhaust.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitution right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists

could debate (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and citation omitted). The Court declines to issue a certificate of appealability because reasonable jurists could not debate the Court's decision to deny the petition for failure to exhaust.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss for Nonexhaustion of State Court Remedies, ECF No. 15, is **GRANTED** and Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Order Excusing Exhaustion of State Court Remedies, ECF No. 14, is **DENIED**.

**IT IS FURTHER ORDERED** that because the Court does not find that a reasonable jurist could conclude that the petition should have been resolved in a different manner, *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000), a certificate of appealability is **DENIED**. If the petitioner wishes, he may seek a certificate of appealability from the court of appeals.

Dated at Milwaukee, Wisconsin on February 12, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge